NO. 4-97-0171

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In Re:  the Marriage of ) Appeal from

NANCY E. DANIELS, n/k/a ) Circuit Court of

NANCY E. PRIEPOT, ) Sangamon County

Petitioner-Appellant, ) No. 79D921

and )

JERRY L. DANIELS, ) Honorable

Respondent-Appellee. ) Stuart H. Shiffman,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

On August 24, 1979, Nancy Daniels, n/k/a Nancy Priepot, and Jerry Daniels were divorced by a judgment of dissolution of marriage.  On December 22, 1993, an order modifying judgment of dissolution of marriage to apportion education expenses was entered requiring Jerry Daniels to pay $300 per month for educa­tional expenses for the benefit of Theresa Daniels, the parties' child, who was born in June 1975.  
The order provided the pay­ments "shall continue so long as she [Theresa] is a full-time student in good standing at Moody Bible College, with an antici­pated graduation date of June, 1997."

Theresa was married on August 9, 1996.  Beginning in September 1996, Jerry quit paying the $300 per month for Theresa's educational expenses pursuant to the 1993 order because he considered her marriage a legally emancipating event.

On January 29, 1997, Nancy filed a petition for rule to show cause and for other relief requesting Jerry be held in contempt of court and that a money judgment be entered against

him for the amount of educational expenses unpaid by him from September 1996, as required by the 1993 order.  The trial court entered an order for rule to show cause on January 30, 1997.  On February 19, 1997, Jerry filed a petition to modify judgment of dissolution of marriage as modified as to post high school educational support.  In his petition, Jerry alleged that because Theresa's marriage on August 9, 1996, was an emancipating event he should be relieved of any further obligation to pay education­al expenses.

A hearing on both petitions was held on February 27, 1997.  The court found that, after her marriage in August 1996, Theresa was emancipated and that her marriage precluded Jerry's obligation to pay the $300 per month in educational expenses.  The trial court found that Jerry had not made payments for educational expenses since August 1996, but ruled that as of September 1, 1996, defendant had no obligation to pay those educational expenses.  The court discharged Nancy's petition for rule to show cause and denied her request for a money judgment.  The court did not rule on Jerry's petition to modify.    

Nancy appeals, arguing the trial court erred in con­cluding Jerry's responsibility to pay the $300 per month in educational expenses automatically ceased upon Theresa's mar­riage.  Nancy argues that Theresa's marriage may have consti­tuted a change in circumstances, but Jerry was obli­gated to file a petition to modify the educational expenses order, and the trial court could modify the order retroactive to the date Jerry filed a modification petition.  Nancy contends the case 
In re Marriage of Walters
, 238 Ill. App. 3d 1086, 604 N.E.2d 432 (1992), upon which the trial court based its ruling, is incor­rect and should not be followed in this district.

Section 513(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) provides:

"The court may award sums of money out of the proper­ty and income of either or both parties or the estate of a deceased parent, as equity may re­quire, for the support of the child or children of the par­ties who have attained majority in the follow­ing instances:

(1)  When the child is mental­ly or physically disabled and not other­wise emanci­pated, an appli­cation for support may be made before or after the child has at­tained major­ity.

(2)  The court may also make provi­sion for the educa­tional ex­penses of the child or children of the par­ties, whether of minor or major­ity age, and an applica­tion for educa­tional expens­es may be made before or after the child has at­tained majority, or after the death of either parent.  The au­thority under this Section to make provi­sion for education­al expenses extends not only to periods of college educa­tion or professional or other training after gradua­tion from high school, but also to any period during which the child of the parties is still attend­ing high school, even though he or she at­tained the age of 18.  The educa­tional expens­es may in­clude, but shall not be limited to, room, board, dues, tuition, trans­porta­tion, books, fees, regis­tration and applica­tion costs, medical expenses including medical insur­ance, dental expenses, and living expenses dur­ing the school year and periods of recess, which sums may be ordered payable to the child, to either parent, or to the educational in­sti­tution, directly or through a special account or trust created for that purpose, as the court sees fit."  750 ILCS 5/513(a)(1), (a)(2) (West 1996).

Section 513(a)(2) clearly allows provision for a child's educa­tion to be made when the child is of majority age.  
Walters
, 238 Ill. App. 3d at 1091, 604 N.E.2d at 437.

The issue before us was decided by the Second District Appellate Court in 
Walters
 (238 Ill. App. 3d 1086, 604 N.E.2d 432).  In 
Walters
, the parties' judgment of dissolu­tion of mar­riage provided that the father "shall be responsible for a college education for each child to the best of his finan­cial ability, provided said child is college material."  
Walters
, 238 Ill. App. 3d at 1089, 604 N.E.2d at 436.  The parties' two daughters each got married at some point during their college educations.  
The father had failed to pay for any of their college expenses.  
Walters
, 238 Ill. App. 3d at 1089-90, 604 N.E.2d at 437.  On appeal, contesting the trial court's order that the father's responsibility to pay college education expens­es terminated upon the daughters' marriages, the mother argued no statutory mandate existed that the daughters' emancipation through marriage re­lieved the father's obligation to pay for the education expenses.  
Walters
, 238 Ill. App. 3d at 1089, 604 N.E.2d at 436.
    

The court held that section 513 of the Act does not allow provision for a child's educa­tion when that child is emancipated other than by age, specifi­cally, when the child is emancipated by marriage.  
Walters
, 238 Ill. App. 3d at 1091, 604 N.E.2d at 437.  If it had so de­sired, the legis­la­ture could have allowed awards for educa­tion expenses even in the case of emanci­pation other than by age, but it did not do so.  
Walters
, 238 Ill. App. 3d at 1091, 604 N.E.2d at 438.  

"Since the statute specifically provides for 

awards for education expenses and maintenance 

even if the child reaches majority, but does 

not specifical­ly allow awards in the case of 

other emanci­pating events, we con­clude that 

the court may award educa­tion expenses and 

maintenance for a child who is emancipated 

by reaching majority age but not by other 

means."  
Walters
, 238 Ill. App. 3d at 1092, 

604 N.E.2d at 438.

As a result, the father's obligation to pay for his daughters' college expenses terminated when they became emancipated through marriage.  
Walters
, 238 Ill. App. 3d at 1092, 604 N.E.2d at 438.

Nancy argues that section 513(a)(1) pro­vides that a dis­abled child may be awarded support even if the child has attained majority as long as the child is "not other­wise emanci­pated."  750 ILCS 5/513(a)(1) (West 1996).  Section 513(a)(2) does not contain the "not otherwise emancipat­ed" language found in section 513(a)(1).  Nancy contends that since the excep­tion the child must not be otherwise emancipat­ed is not contained in section 513(a)(2), the excep­tion is not applicable to section 513(a)(2), which indi­cates the legislature's intent to allow awards of educa­tional expenses even when a child is emanci­pated by some­thing other than age.  

We agree with the 
Walters
 decision and hold that a parent's obligation to pay for the educational expenses of a child who has attained majority terminates upon the mar­riage of that child, an emancipating event.  Section 513(a) of the Act carves out one exception to a child's emancipation and provides that support for the child's educational expenses may be awarded even if the child is of majority age.  The Act does not carve out any other exception to emancipation, for example, that support for educational expenses may be awarded even if the child is married.

Section 510 of the Act addresses modification and termi­nation of provisions for maintenance, support, and education expenses.  Section 510(d) provides:

"
Unless otherwise agreed in writing 

or expressly provided in a judgment, pro-

visions for the support of a child are 

terminated by emanci­pation of the child, 

except as otherwise provided herein, but 

not by the death of a parent obligated to 

support or educate the child.  An existing 

obliga­tion to pay for support or educa­tional 

expenses, or both, is not terminated by the 

death of a par­ent."  750 ILCS 5/510(d) 

(West 1996).

According to this section, emancipation of a child terminates support obligations, except as provided in other sections of the Act.  Section 513(a)(2) of the Act is an exception to support obliga­tions for education expenses regarding a child who is emancipated only in the respect that he is no longer a minor.  Consequently, support obligations for education expenses termi­nate upon the emancipation of a child, other than by age, "[u]n­less otherwise agreed in writing or expressly provided in a judgment."  750 ILCS 5/510(d) (West 1996).  Here, the parties did not agree nor did the 1993 order provide that Jerry's obligation to pay $300 per month for Theresa's education­al expenses would survive if Theresa were to marry.

For the foregoing reasons, the judgment of the circuit court of Sangamon County is affirmed.  

Affirmed.

KNECHT and GREEN, JJ., concur.